IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FOXTROT FARMS, LLC, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> ) <br> HEAVENLYRX, LTD., ) <br> ) <br> *Defendant.* ) <br> ) | Case No. _____ |

## COMPLAINT

Comes the Plaintiff, Foxtrot Farms, LLC ("Foxtrot"), by and through counsel, and files this Complaint against the Defendant, HeavenlyRx, Ltd. ("Heavenly").

## INTRODUCTION

This action arises out of Heavenly's bad faith breach and wrongful repudiation of a written agreement, whereby Heavenly promised to purchase over 200 acres of industrial hemp. Foxtrot has fully and timely performed its obligations under the agreement and has acted in the utmost good faith. Nevertheless, Heavenly has: (1) failed to make required payments to Foxtrot; (2) declared that it is unable and/or unwilling to perform its obligations under the agreement and (3) has failed and refused to purchase any of the hemp that it agreed to purchase from Foxtrot. As a result, Foxtrot has incurred (and continues to incur) significant financial losses and is therefore petitioning this Court for a judgment for money damages, declaratory relief, and other relief as provided hereinbelow.

## PARTIES, JURISDICTION & VENUE

1. Foxtrot is a Tennessee limited liability company with its principal office located at 2021 Railroad Ave., Athens, Tennessee 37303.

2. Heavenly is a Canadian corporation with its principal office located at 100 King Street West Suite 5600, Toronto, Ontario Canada A6 M5X1CR. Heavenly may be served with process through its registered agent in the State of Tennessee, Alicia McMurray, at 105 Legacy View Way, Knoxville, TN 37918-8230.

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391(b), (c) and (d).

## GENERAL ALLEGATIONS

5. Foxtrot repeats the foregoing allegations, all of which are specifically incorporated herein by reference.

6. Foxtrot leases over 400 acres of land in McMinn County, Tennessee (the "Land"), a portion of which is being used by Foxtrot to grow and harvest industrial hemp.

7. Heavenly and its affiliates are in the business of manufacturing and distributing hemp-derived products including CBD oils and extracts.

A. <u>Farm Management and Biomass Supply Agreement.</u>

8. On or about June 1, 2019, Foxtrot and Heavenly entered into a "Farm Management and Biomass Supply Agreement" (the "Agreement"). A complete and accurate copy of the Agreement is attached hereto as **<u>Exhibit 1</u>** and incorporated herein by reference.

9. The Agreement generally provides that Foxtrot will plant, cultivate and grow hemp upon a portion of the Land (such portion of the Land being defined in the Agreement as the "Hemp Acreage"), and harvest, dry, sell and deliver the hemp to Heavenly. In return, Heavenly agreed to supply the hemp seedlings to Foxtrot, to provide ongoing consulting services to Foxtrot regarding crop management practices, and finally, purchase all of the harvested and dried hemp from Foxtrot at the prices and upon the payment terms set forth in the Agreement.

10. The Agreement also provides that certain costs would be shared equally between them (the "Shared Costs"), including costs incurred by Foxtrot for testing and analysis of the hemp for THC compliance, CBD content, and the presence or levels of pesticides, fungi, and heavy metals.

B. <u>Specification Schedule; Pricing and Payment Terms.</u>

11. The detailed business and payment terms between the parties for the 2019 growing season are set forth in the Agreement's 2019 Growing Season Specification Schedule (the "Specification Schedule"), which is an exhibit to the Agreement.

3

Case 1:19-cv-00340-PLR-CHS   Document 1   Filed 11/29/19   Page 3 of 12   PageID #: 3

12. First, the Specification Schedule sets out the specifications for how the hemp would be planted, cultivated and harvested by Foxtrot:

(a) Foxtrot agreed to plant a minimum of 200 acres of hemp seedlings.

(b) Heavenly agreed to supply the seedlings to Foxtrot.

(c) The seedlings were to be 8" to 12" when delivered to Foxtrot, including the growing medium, and were to be in good health, disease free, pest free, fungus free and well-rooted. The seedlings were also to be of genetic varieties selected to render high CBD content (at least 12% CBD content).

(d) The purchase price to be paid for the seedlings was $0.925 per seedling for those seedlings that would be cultivated and sold to Heavenly, and $1.85 per seedling for any other seedlings Foxtrot desired to purchase through Heavenly.

(e) Heavenly is required to buy any and all hemp grown by Foxtrot on the Hemp Acreage without regard to its CBD content, provided that the hemp was planted, cultivated, harvested and dried in accordance with the terms of the Agreement and the recommendations of Heavenly.

(f) The harvesting and drying techniques to be used by Foxtrot are also set forth on the first and second pages of the Specification Schedule.

(g) Upon completion of harvesting and drying, Foxtrot agreed to deliver all of the hemp biomass to a specified facility in Sweetwater, Tennessee.

13. The Specification Schedule also sets out the pricing and payment terms for the hemp that Heavenly agreed to purchase from Foxtrot pursuant to the Agreement. The purchase price consists of two (2) components, the first being referred to as the "Acreage Fee Hemp" and the second being referred to as the "Market Rate Hemp."

14. The agreed-upon pricing and payment terms for the "Acreage Fee Hemp" were as follows:

(a) For one half (1/2) of the Hemp Acreage (i.e., 100 acres), Heavenly agreed to pay Foxtrot a fee of $15.47 per hemp seedling set by Foxtrot. Such amount was defined as the "Acreage Fee."

(b) The minimum amount of the Acreage Fee would be *at least* Two Million, Four Hundred and Seventy-Five Thousand Dollars ($2,475,200) (the "Minimum Acreage Fee"), provided that Foxtrot set seedlings at a minimum rate of 1,600 seedlings per acre on such one half (1/2) portion of the Hemp Acreage.

(c) The Acreage Fee was "guaranteed and non-refundable" and the hemp sold pursuant to the Acreage Fee pricing was not subject to any quality standards.

(d) The Acreage Fee would be paid by Heavenly in four (4) installments:

   i. The first (1st) installment in the amount of One Million Dollars ($1,000,000) would be paid immediately upon signing the Agreement.

5

ii. The second (2nd) installment in the amount of Six Hundred Eighteen Thousand Eight Hundred Dollars ($618,800) would be due and payable upon Foxtrot planting the minimum number of seedlings contemplated in the Specification Schedule.

iii. The third (3rd) installment in the amount of Six Hundred Eighteen Thousand Eight Hundred Dollars ($618,800) would be due and payable upon Foxtrot commencing harvest of the hemp crop.

iv. The fourth (4th) and final installment of the Acreage Fee is calculated after harvesting the hemp. Based on current estimates, the final installment will be in excess of One Million Dollars ($1,000,000) and is payable to Foxtrot upon completion of harvesting of the hemp crop. The final installment will also include additional amounts earned beyond the Minimum Acreage Fee.

15. The agreed-upon pricing and payment terms for the "Market Rate Hemp" were as follows:

(a) For the other one half (1/2) of the Hemp Acreage (i.e., 100 acres), Heavenly agreed to purchase the hemp harvested from that portion of the Hemp Acreage (the "Market Rate Hemp") at a price equal to the market price of such variety and CBD content as of the date on which Foxtrot commenced harvesting the Hemp Acreage, with a minimum market price of $3.00 per percent of CBD content per pound (the "Market Price").

(b) The Market Price was to be mutually determined and agreed upon by the parties, and if they could not agree, they would engage a qualified third-party consultant to make the determination of the Market Price.

(c) Heavenly agreed to purchase all of the Market Rate Hemp at the Market Price, such aggregate amount being defined as the "Market Rate Amount."

(d) Heavenly agreed to pay the Market Rate Amount – without regard to the date of delivery of the harvested and dried hemp – according to the following payment schedule:

    i. The first (1st) installment, equal to twenty-five percent (25.0%) of the Market Rate Amount, would be due and payable upon Foxtrot completing the harvesting of the hemp (the "Harvest Completion").

    ii. The second (2nd) installment, equal to twenty-five percent (25.0%) of the Market Rate Amount, would be due and payable thirty (30) days after Harvest Completion.

    iii. The third (3rd) installment, equal to twenty-five percent (25.0%) of the Market Rate Amount, would be due and payable sixty (60) days after Harvest Completion.

    iv. The fourth (4th) installment, equal to twenty-five percent (25.0%) of the Market Rate Amount, would be due and payable ninety (90) days after Harvest Completion.

C. **Heavenly's Repudiation and Breach of the Agreement.**

16. Heavenly paid the first installment of the Acreage Fee of One Million Dollars ($1,000,000) to Foxtrot on June 6, 2019. This one million dollar payment is the first, last and only payment that Heavenly has made to Foxtrot under the Agreement. Otherwise, Heavenly has failed and refused to pay any further amounts due under the Agreement.

17. Foxtrot performed its obligations under the contract and is entitled to payment of the second (2nd) and third (3rd) installments of the Acreage Fee. Foxtrot completed transplanting all Hemp seedlings on the Hemp Acreage in accordance with the requirements of the Agreement and commenced the Grower's harvest of the Hemp from the Hemp Acreage.

18. Notwithstanding the fact that Foxtrot has satisfied all conditions to receiving payment, Heavenly has failed and refused to pay the second (2nd) and third (3rd) installments of the Acreage Fee, both of which are now past due and owing in the total amount of One Million Two Hundred Thirty Seven Thousand Six Hundred Dollars ($1,237,600.00).

19. The fourth (4th) and final installment of the Acreage Fee will be at least one million dollars ($1,000,000) and will become due and payable to Foxtrot in the near future after Foxtrot achieves Harvest Completion. However, Heavenly has already breached its payment obligation by declaring that it will not pay Foxtrot the remaining amounts due under the Agreement.

20. Heavenly has materially breached the Agreement by failing to pay the balance of the Acreage Fee to Foxtrot.

21. Heavenly has also materially breached the Agreement by repudiating all of its remaining obligations under the Agreement, including (without limitation) its obligation to pay the balance of the Acreage Fee as well as its obligation to pay any of the Market Rate Amount.

22. Heavenly has also materially breached the Agreement by failing and refusing to pay any of the Shared Costs that have been incurred by Foxtrot.

23. Notwithstanding Heavenly's bad faith repudiation of the Agreement, Foxtrot has continued to perform its obligations under the Agreement by working diligently to harvest, dry and store the hemp that it cultivated for and on behalf of Heavenly.

24. As a direct and proximate result of Heavenly's failure to make the payments required under the terms of the Agreement, Foxtrot has incurred (and continues to incur) significant financial losses.

## COUNT I:
## BREACH OF CONTRACT

25. Foxtrot repeats the foregoing allegations, all of which are specifically incorporated herein by reference.

26. The Agreement is a legally binding contract between Foxtrot and Heavenly and is supported by the exchange of valuable consideration.

27. Foxtrot has fully and timely performed its obligations under the Agreement and has satisfied all conditions to receiving payment from Heavenly.

28. Heavenly has materially breached the Agreement by failing to pay the balance of the Acreage Fee to Foxtrot.

9

29. Heavenly has also materially breached the Agreement by repudiating all of its remaining obligations under the Agreement, including (without limitation) its obligation to pay the balance of the Acreage Fee as well as its obligation to pay any of the Market Rate Amount.

30. Heavenly has also materially breached the Agreement by failing to pay any of the Shared Costs that have been incurred by Foxtrot.

31. Foxtrot is also entitled to a judgment for compensatory damages in an amount to be proven at the trial of this matter, which amount is expected to be *not less* than SIX MILLION DOLLARS ($6,000,000) and includes:

(a) The second and third installments of the Acreage Fee, which are unpaid and past due and, together, total One Million, Two Hundred and Thirty-Seven Thousand, Six Hundred Dollars ($1,237,600);

(b) The remaining balance of the Minimum Acreage Fee that will be in excess of One Million Dollars ($1,000,000);

(c) The amount by which the calculable Acreage Fee exceeds the Minimum Acreage Fee;

(d) The Shared Costs owed by Heavenly under the Agreement, in an amount to be determined at trial; and

(e) Four Million Dollars ($4,000,000), which is the estimated gross market value of the Market Rate Hemp, which Heavenly has declared it cannot (or will not) purchase from Foxtrot.

32. Foxtrot is also entitled to a judgment against Heavenly for the amount of attorneys' fees and related costs and expenses incurred to enforce its rights under the Agreement, which amount will be proven at the trial of this matter.

33. Foxtrot respectfully reserves the right to amend this Complaint in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, Foxtrot respectfully prays as follows:

A. That a Summons issue and be served upon Heavenly, and that Heavenly be required to answer within the time required by the Federal Rules of Civil Procedure;

B. That Foxtrot be awarded a judgment for compensatory damages against Heavenly in the amount of *not less* than SIX MILLION DOLLARS ($6,000,000);

C. That Foxtrot also be awarded its reasonable attorneys' fees, discretionary costs and all other amounts to which it is entitled under the Agreement and under applicable law;

D. That Foxtrot be awarded a judgment for punitive or exemplary damages against Heavenly, in an amount that this Court deems appropriate to punish Heavenly for its wrongful conduct and also to deter similar conduct in the future;

E. That this Court enter an order declaring the respective rights of the parties under the Agreement, as more specifically prayed for hereinabove;

F. That the costs of this action be taxed against Heavenly; and

G. That the Court award Foxtrot such other relief that this Court may deem just and proper.

Respectfully filed this 29th day of November 2019.

**PAINE, TARWATER, & BICKERS, LLP**

/s Michael J. King
Michael J. King (BPR #015523)
mjk@painebickers.com
Lindsey M. Collins (BPR #033426)
lmc@painebickers.com
900 S. Gay Street, Suite 2200
Knoxville, Tennessee 37902
(865) 525-0880

*Counsel for Plaintiff Foxtrot Farms, LLC*